**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MARCUS BAKER,**

*Plaintiff,*

v.

**MDOC COMMISSIONER BURL CAIN,**

*Defendant.*

CASE NO. 3:25-CV-591-CWR-RPM

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

The present action arises from a 28 U.S.C. § 2254 petition for writ of habeas corpus Marcus Baker filed on August 11, 2025. Before filing the present action, Mr. Baker was involved in other litigation. The Court begins with a review of those prior, related actions.

On March 23, 2021, Mr. Baker filed a 28 U.S.C. § 2241 petition challenging his pre-trial detention on speedy trial grounds. *Baker v. Hinds Cnty. Circuit Ct.*, No. 3:21-CV-203-CWR-LGI. On November 17, 2021, this Court initially declined to grant Defendant Cain's motion to dismiss that case, ruling that "Baker has stated a claim upon which relief may be granted" and that he has "attempted to exhaust his available remedies[.]" *Id.*, Docket No. 7 at 2. After Baker entered a guilty plea on November 29, 2021, however, the Court ultimately dismissed his § 2241 petition without prejudice as moot. *Id.*, Docket Nos. 10, 11. Then, on December 16, 2021, Baker filed a *pro se* motion to withdraw his guilty plea in Hinds County Circuit Court on the grounds that he received ineffective assistance of counsel. *Mississippi v. Baker*, No. 25CI1:17-cr-00498-DHG; Docket No. 7-4 at 204-08. The trial court never entered an order adjudicating this motion. More than two years later, on April 26, 2023, Baker filed a motion for post-conviction relief (PCR) in Hinds County Circuity Court. *Baker v. Mississippi*, No.

25CI1:23-cv-00232-EFP; Docket No. 7-7 at 4-10. He asserted only an ineffective assistance of counsel claim in that motion. *Id.* On July 27, 2023, the trial court denied his motion for PCR. Baker did not appeal this denial.

On August 11, 2025, (with a signature date of July 7, 2025), Baker filed this § 2254 petition asserting a speedy trail claim pursuant to the Sixth Amendment of the United States Constitution and Article 3, Section 26 of the Mississippi Constitution. After reviewing the briefing on that motion, Magistrate Judge Robert P. Myers filed his Report and Recommendations. Docket No. 9. Judge Myers recommended that Defendant Cain's motion to dismiss be granted and that Plaintiff's petition be dismissed. *Id*. The Court now considers the objections Baker lodged against the Magistrate Judge's Report and Recommendations. Docket No. 10.

Baker's objections proceed in three parts. All three objections rely on this Court's denial of Defendant's motion to dismiss in Baker's § 2241 petition from 2021. *Baker*, No. 3:21-CV-203-CWR-LGI, Docket No. 7. First, he argues that he has not waived his speedy trial claim. He bases this objection on this Court's initial ruling in his § 2241 petition where, in its denial of Defendant Cain's motion to dismiss, the Court stated that "Baker attempted to exhaust his available remedies by seeking relief from the trial court in December 2017, . . . and then again by reviving his claims before the state trial court and Supreme Court" and that "[m]ore than five years have elapsed" between his arrest and the time of that ruling. *Id.*, Docket No. 7 at 2. Second, Baker contends that he has not procedurally defaulted on his speedy trial claim. Once again, he cites this Court's ruling from 2021 wherein the Court found that Baker's § 2241 petition "states a constitutional claim for relief." *Id.* Third, Baker maintains that his speedy trial claim is not time barred under AEDPA. 28 U.S.C. § 2244(d). In Plaintiff's

view, the instant petition is "simply a revival" of his 2021 speedy trial claim and, as such, "should not be treated as a new claim." Docket No. 10 at 1. According to Plaintiff, "[t]he previous petition was dismissed 'without' prejudice" and is "therefore not barred from being revived." *Id.* All three objections fail to persuade.

The Magistrate Judge correctly concluded that Baker has waived his speedy trial claim. The Fifth Circuit has held that "a defendant waives all non-jurisdictional defects upon entering a guilty plea, including alleged violations of his right to a speedy trial." *Nelson v. Hargett*, 989 F.2d 847, 850 (5th 1993) (internal citations omitted); *see also Class v. United States*, 583 U.S. 174, 182 (2018) ("A valid guilty plea . . . renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered." (citing *Haring v. Prosise*, 462 U.S. 306, 320 (1983)). Baker waived his speedy trial claim when he entered a "best interest" and open plea in November 2021.

And, in so far as Baker disavows the underlying guilty plea, neither of his attempts to challenge it has been successful. With respect to Plaintiff's December 2021 motion to withdraw his guilty plea, even if the state trial court never entered an order ruling on it, "under state rules, the motion is deemed denied by operation of law 30 days after it was filed." Docket No. 9 at 3 (citing *Neal v. Cain*, No. 1:25CV23-LG-AS, 2025 WL 4060056, at *1 (S.D. Miss., Dec. 10, 2025); *Jones v. Mississippi*, 330 So. 3d 793, 800 (Miss. Ct. App. 2021)); Miss. R. Crim. P. 25.3 (providing state rule that governs denial by operation of law). Moreover, his April 2023 motion for PCR alleging that his counsel was ineffective for encouraging him to take an open plea deal in lieu of a more favorable plea deal was also denied. He never appealed this denial. In light of these facts, his guilty plea, and its attendant legal

implications, stand. Judge Myers properly found that, upon entering this plea, Plaintiff waived any non-jurisdictional claim to challenge his conviction, including any alleged speedy trial violations.

Even if Baker had not waived his speed trial claim, Judge Myers appropriately found that the claim is procedurally defaulted. "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). As the Magistrate Judge explains, to exhaust their remedies, petitioners must "give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate process prior to filing in federal court[,]" which generally means that the petitioner "must present his claims before the state's highest court in a procedurally proper manner." Docket No. 9 at 6 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Here, Baker never gave the Mississippi state court system a full and procedurally appropriate opportunity to resolve the speedy trial claim. Indeed, he did not reassert his speedy trial claim after his November 2021 judgment of conviction. His motion for PCR in Hinds County Circuit Court only alleged an ineffective assistance of counsel claim. And, despite petitioner's insistence, Docket No. 10 at 1-2, the fact that he asserted a speedy trail claim in a § 2241 petition *prior* to entering his guilty plea does not exempt him from the mandatory procedural requirements of a post-conviction, § 2254 habeas petition. His speedy trial claim is, therefore, procedurally defaulted.

Plaintiff's habeas petition is also time barred. AEDPA provides that, unless entitled to statutory or equitable tolling, petitioners have one year from "the date on which the judgment became final" to apply for a writ of habeas. 28 U.S.C. § 2244(d)(1)(A). Baker entered his guilty plea and was subsequently sentenced on November 29, 2021. Crediting both the pendency of

his post-judgment motion to withdraw his guilty plea and his motion for PCR, as Judge Myers did, Baker had, at most, until July 27, 2023, to assert his speedy trial claim. The instant petition was not filed until August 11, 2025, (with a signature date of July 7, 2025). Even under the most generous calculation of the statute of limitations, Plaintiff's habeas petition is nearly two years too late. The fact that his pre-judgment § 2241 petition was dismissed without prejudice as moot is not a legally valid exemption to the AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d) (providing the rule that governs the statute of limitations calculation). Having failed to provide a legally cognizable basis for equitable or statutory tolling, Plaintiff is time barred from bringing the instant petition.

For these reasons, the objections are overruled, and the Magistrate Judge's Report and Recommendation is adopted as this Court's own findings. A separate Final Judgment shall issue.

**SO ORDERED**, this the 25th day of September 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE